1 Stuart W. Price, California Bar No. 125918
swprice@bryancave.com
2 Brendon K. Barton, California Bar No. 246925
brendon.barton@bryancave.com
3 David J. Joerger, California Bar No. 280498
david.joerger@bryancave.com
4 **BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
5 Irvine, California  92612-4414
6 Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100
7

8 Attorneys for Defendants
CENTEX HOMES; CENTEX REAL ESTATE
9 CORPORATION; CENTEX REAL ESTATE
HOLDING, L.P.; and NOMAS CORP.
10

11
## UNITED STATES DISTRICT COURT
12
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
13

| 14 LEGACY VILLAS AT LA QUINTA | Case No. EDCV 11 00845 VAP (OPx) |
|---|---|
| 15 HOMEOWNERS ASSOCIATION, a California non profit mutual benefit | **[DISCOVERY MATTER]** |
| 16 corporation, | **STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |
| 17             Plaintiff, | |
| 18        vs. | Magistrate Judge Oswald Parada Courtroom:  3 |
| 19 CENTEX HOMES, a Nevada General | |
| 20 partnership; CENTEX REAL ESTATE CORPORATION, a Nevada corporation; | Disc. Cut-Off:       December 21, 2012 Pre-Trial Conf.:    January 14, 2013 |
| 21 CENTEX REAL ESTATE HOLDING, L.P., a Delaware limited partnership; | Trial Date:           January 29, 2013 |
| 22 NOMAS CORP., a Nevada corporation; | |
| 23 and DOES 1 25, inclusive, | |
| 24             Defendants. | |

25

26

27

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**STIPULATION REGARDING CONFIDENTIAL INFORMATION**

Defendants Centex Homes, Centex Real Estate Corporation, Centex Real Estate Holding, L.P. and Nomas Corp. ("Defendants") and plaintiff the Legacy Villas at La Quinta Homeowners Association ("Plaintiff" or "HOA") stipulate, through their respective attorneys of record and pursuant to Fed. R. Civ. P. 26(c) and 29, that upon entry of this Protective Order, discovery in this case of highly sensitive financial, confidential business, and/or trade secret information of the parties and non-parties to this action shall be conducted on the following terms and conditions:

**1.   PURPOSES AND STATEMENT OF GOOD CAUSE**

The parties stipulate and petition the Court to enter the following Protective Order.  This action concerns the operation of the Legacy Villas Homeowners Association, an association created for the maintenance and operation of a community of condominiums and town homes in La Quinta, California developed by defendant Centex Homes.  The parties represent that this lawsuit will involve the discovery of highly sensitive financial, confidential business, and/or trade secret information of the parties, including but not limited to the discovery of sensitive and confidential information about the parties' finances, budgets, and operations with respect to the development, marketing, sale, and operation of the real property and homeowners association at issue in this lawsuit.  The parties desire to enter into a protective order to protect against the unauthorized disclosure of confidential information, which would likely harm or prejudice the legitimate business, competitive, and privacy interests of the parties or third parties.

The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  Designations by the parties should be limited to nonpublic information that the designating party believes in good faith will cause harm if disclosed.  The parties further acknowledge, as set

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  forth in Section 10, below, that this Protective Order creates no entitlement to file

2  confidential information under seal; Central District of California Local Rule 79-5.1

3  sets forth the procedures that must be followed and reflects the standards that will be

4  applied when a party seeks permission from the Court to file material under seal.

5  **2.    DEFINITIONS**

6      2.1    <u>Party</u>: any party to this action, including its officers, directors,

7  employees, consultants, retained experts, and outside counsel (and their support

8  staff).

9      2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless

10  of the medium or manner generated, stored, or maintained (including, among other

11  things, documents, testimony, transcripts, audio/visual recordings or tangible things)

12  that are produced or generated in disclosures, responses to discovery, or pretrial

13  proceedings in this matter.

14      2.3    "CONFIDENTIAL" Information or Items: (i) trade secrets, financial

15  and accounting information, profit margins, banking information, personal financial

16  and personal banking information, and/or confidential proprietary business

17  information not readily available to the general public; (ii) information subject to a

18  right of privacy; (iii) information that the Producing Party has verified is subject to a

19  pre-existing duty of confidentiality; or (iv) information that the Court, after

20  appropriate notice and an opportunity for the parties to be heard, for good cause

21  shown, rules shall be treated as CONFIDENTIAL pursuant to this Order.

22  CONFIDENTIAL Information or Items shall be labeled as "CONFIDENTIAL" and

23  thereby designated as CONFIDENTIAL pursuant to this Order.

24      2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

25  Material from a Producing Party.

26      2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or

27  Discovery Material in this action.

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

STIPULATED PROTECTIVE ORDER

1    2.7    Designating Party: a Party or non-party that designates information or
2    items that it produces in disclosures or in responses to discovery as
3    "CONFIDENTIAL."

4    2.8    Protected Material: any Disclosure or Discovery Material that is
5    designated as "CONFIDENTIAL."

6    2.9    Outside Counsel: attorneys (as well as their support staffs) who are not
7    employees of a Party but who are retained to represent or advise a Party in this
8    action or in the action between the parties involving construction defect claims with
9    respect to the Legacy Villas development pending in the Superior Court for the State
10   of California, County of Riverside, entitled *Legacy Villas at La Quinta Homeowners*
11   *Association v. Centex Homes, et al.,* Case No. INC10006723 (the "CD Action").

12   2.10   In-House Counsel: attorneys who are employees of a Party (as well as
13   their support staffs).

14   2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as
15   well as their support staffs).

16   2.12   Expert: a person with specialized knowledge or experience in a matter
17   pertinent to the litigation who has been retained by a Party or its counsel to serve as
18   an expert witness or as a consultant in this action and who is not a past or a current
19   employee of a Party or of a competitor of a Party, and who, at the time of retention,
20   is not anticipated to become an employee of a Party or a competitor of a Party. This
21   definition includes a professional jury or trial consultant retained in connection with
22   this litigation.

23   **3.    SCOPE**

24   The protections conferred by this Protective Order cover not only Protected
25   Material (as defined above), but also any information copied or extracted therefrom,
26   as well as all copies, excerpts, summaries, or compilations thereof, as well as
27   testimony, conversations, or presentations by parties or counsel prior to trial that
28   contain Protected Material.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

STIPULATED PROTECTIVE ORDER

**4.   DURATION**

The provisions of this Protective Order shall continue to apply after termination of this action. Notwithstanding the foregoing, the parties understand and agree that this Protective Order shall not be applicable to such material and documents introduced into evidence at trial, and that the Parties may discuss, and with the Court's approval, implement, procedures to reasonably limit the dissemination of Protected Material introduced into evidence at trial.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Designating Material for Protection. Each Designating Party that designates information or items for protection under this Protective Order must limit any such designation to specific material that qualifies as "CONFIDENTIAL" Information or Items. A Designating Party should designate for protection only those parts of material, documents, items, or oral or written communications that qualify as confidential information under the appropriate standards.

If a Party or a non-party comes to believe that information or items that it designated for protection no longer qualify for protection, that Party or non-party must notify all other parties that it is withdrawing the designation within a reasonable period of time.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)   For information in documentary form (apart from transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains "CONFIDENTIAL" Information or Items.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1       A Party or non-party that makes original documents or materials available for
2   inspection need not designate them for protection until after the inspecting Party has
3   indicated which material it would like copied and produced.  After the inspecting
4   Party has identified the documents it wants copied and produced, the Producing
5   Party must determine which documents, or portions of the documents, qualify for
6   protection under this Protective Order, then, before producing the specified
7   documents, the Producing Party must affix the appropriate legend to each page that
8   is designated as Protected Material.

9       (b)   <u>for testimony given in deposition or in other pretrial proceedings,</u>
10  (i) that the Party or non-party offering the testimony identify on the record all
11  portions thereof that are designated as Protected Material, or (ii) that, within 10 days
12  after a final version of the transcript and/or recording of the deposition or other
13  pretrial proceeding becomes available, the Party or non-party offering the testimony
14  identify by letter to all other Parties, and the stenographer or court reporter, all
15  portions thereof that are designated as Protected Material.  The entire transcript
16  and/or recording of a deposition shall be presumptively deemed Protected Material
17  for a period of 10 days after a final version of the transcript and/or recording
18  becomes available.

19      Deposition, hearing or non-trial transcript pages containing Protected Material
20  shall be marked by the court reporter as "CONFIDENTIAL" as instructed by the
21  Party or nonparty offering or sponsoring the witness or presenting the testimony.

22      (c)   <u>for information produced in some form other than documentary,</u>
23  <u>and for any other tangible items,</u> that the Producing Party affix in a prominent place
24  on the exterior of the container or containers in which the information or item is
25  stored the legend "CONFIDENTIAL."  If only portions of the information or item
26  warrant protection, the Producing Party, to the extent practicable, shall identify the
27  protected portions.

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

5.3   Inadvertent Failures to Designate. If corrected within a reasonable period of time, an inadvertent failure to designate information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of such designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. A challenge to a Designating Party's confidentiality designation may be made at any time after receipt of the confidentiality designation.

6.2   Meet and Confer. A Receiving Party that wishes to challenge to a Designating Party's confidentiality designation must do so in accordance with the requirements of Central District of California Local Rule 37-1.

6.3   Judicial Intervention. If, after the parties meet and confer in accordance with Central District of California Local Rule 37-1, no agreement has been reached as to the Designating Party's Designation, the Receiving Party may seek a Court order setting aside the Designating Party's Designation pursuant to the discovery dispute procedures set forth in Central District California Local Rules 37-1 through 37-3.

The burden of persuasion in any such challenge shall be on the Producing Party. Until the court rules on any such challenge, all Parties shall continue to afford the material in question the protection to which it is entitled under this Protective Order.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party only in connection with

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1 | the prosecution or defense of this lawsuit or the CD Action. Such Protected
2 | Material may be disclosed only to the categories of persons and under the conditions
3 | described in this Protective Order. When both this litigation and the CD Action
4 | have been terminated, a Receiving Party must comply with the provisions of section
5 | 11, below (FINAL DISPOSITION).

6 | Protected Material shall be stored and maintained by a Receiving Party at a
7 | location and in a secure manner that ensures that access is limited to the persons
8 | authorized under this Order.

9 | 7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless
10 | otherwise ordered by the Court or permitted in writing by the Designating Party, a
11 | Receiving Party may disclose any information or item designated CONFIDENTIAL
12 | only to:

13 | (a)    the Receiving Party's Outside Counsel of record in this action or
14 | in the CD Action, as well as employees of said Outside Counsel to whom it is
15 | essential to disclose the information for purposes of prosecuting or defending this
16 | litigation or the CD Action;

17 | (b)    the officers, directors, and employees (including In-House
18 | Counsel) of the Receiving Party to whom disclosure is essential for purposes of
19 | prosecuting or defending this litigation or the CD Action;

20 | (c)    Experts (as defined in this Order) of the Receiving Party to
21 | whom disclosure is essential for this purposes of prosecuting or defending this
22 | litigation or the CD Action;

23 | (d)    the Court and its personnel in this action or the CD Action;

24 | (e)    court reporters and their staff in this action or the CD Action;

25 | (f)    during their depositions, non-party witnesses in this action or the
26 | CD Action to whom disclosure is essential. Pages of transcribed deposition
27 | testimony, audio/visual recordings of deposition testimony, or exhibits to
28 | depositions that reveal Protected Material must be designated as

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1    "CONFIDENTIAL" by the court reporter and may not be disclosed except as

2    permitted under this Protective Order;

3            (g)    the author of the document or the original source of the

4    information.

5      To the extent that anyone listed in Sections 7.2(c) or (f) is required to be

6    shown any document designated as "CONFIDENTIAL," that person shall be

7    required to sign the Acknowledgement and Agreement to Be Bound attached hereto

8    as Exhibit A.

9      7.3    <u>Use of Protected Material by the Designating Party</u>. Nothing in this

10    Order shall limit a Designating Party's use of its own CONFIDENTIAL

11    Information, or of CONFIDENTIAL Information that it lawfully obtained other than

12    through Disclosure or Discovery Material in this action.

13      7.4    <u>Under Seal Filing</u>: If the parties wish to file any designated materials

14    with the Court, they will do so by way of an Under Seal filing in accordance with

15    the Local Rules of this District, and the parties will work together to un-designate

16    any designated materials as much as possible to eliminate or minimize the need to

17    make any such under seal filings.

18    **8.**     **PROTECTED MATERIAL SUBPOENAED OR ORDERED**

19          **PRODUCED IN OTHER LITIGATION**

20      If a Receiving Party is served with a subpoena or an order issued in another

21    litigation that would compel disclosure of any information or items designated in

22    this action as "CONFIDENTIAL" the Receiving Party must so notify the

23    Designating Party in writing no more than seven days after receiving the subpoena

24    or order. Such notification must include a copy of the subpoena or court order.

25      The Receiving Party also must timely inform in writing the party who caused

26    the subpoena or order to issue in the other litigation that some or all the material

27    covered by the subpoena or order is the subject of this Protective Order. In addition,

28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1 the Receiving Party must deliver a copy of this Protective Order promptly to the
2 Party in the other action that caused the subpoena or order to issue.

3     The Receiving Party shall take reasonable steps to afford the Designating
4 Party an opportunity to protect its confidentiality interests in the court or body from
5 which the subpoena or order issued.

6 **9.**    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

7     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
8 Protected Material to any person or in any circumstance not authorized under this
9 Protective Order, the Receiving Party must (a) notify in writing the Designating
10 Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of
11 the Protected Material, and (c) inform the person or persons to whom unauthorized
12 disclosure was made of the terms of this Protective Order.

13 **10.**    **FILING PROTECTED MATERIAL**

14     A Party may not, without written permission from the Designating Party or an
15 order of the Court secured after appropriate notice to the Designating Party and all
16 other interested persons, file in the public record any Protected Material. A
17 Receiving Party that seeks to file under seal any Protected Material must meet and
18 confer with the Designating Party regarding the same at least five days prior to such
19 filing, and must fully comply with Central District of California Local Rule 79-5.1.

20 **11.**    **FINAL DISPOSITION**

21     Unless otherwise ordered by the Court or agreed in writing by the Producing
22 Party, within ninety days after the final termination of both this action and the CD
23 Action, each Receiving Party must either return all Protected Material (including all
24 copies, abstracts, compilations, summaries or any other form of reproducing or
25 capturing any Protected Material) to the Producing Party or, upon request of the
26 Producing Party, certify that all such Protected Material has been destroyed.
27 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
28

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

STIPULATED PROTECTIVE ORDER

1  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

2  work product, even if such materials contain Protected Material.

3  **12.  MISCELLANEOUS**

4  　　　12.1  Right to Further Relief.  Nothing in this Protective Order affects the

5  right of any person to seek its modification by the Court in the future.

28  ///

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing in discovery any information or item on any ground.  To this end, nothing in this Protective Order affects a Party's right to, among other things, withhold documents based on privilege or other legally justifiable grounds. Similarly, nothing in this Protective Order affects a Party's right to object to the admissibility in evidence of any material covered by this Protective Order.

**IT IS SO STIPULATED.**

Dated:  November 26, 2012

Stuart W. Price
Brendon K. Barton
David J. Joerger
**BRYAN CAVE LLP**

By: _____

Attorneys for Defendants
CENTEX HOMES; CENTEX REAL ESTATE
CORPORATION; CENTEX REAL ESTATE
HOLDING, L.P.; and NOMAS CORP.

Dated:  November 26, 2012

Shawn D. Morris
Valerie S. Silverman
**MORRIS, SULLIVAN & LEMKUL LLP**

By: _____
        Valerie S. Silverman
Attorneys for Plaintiff
LEGACY VILLAS AT LA QUINTA
HOMEOWNERS ASSOCIATION

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _____        _____

United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1    **12.2** <u>Right to Assert Other Objections</u>. By stipulating to the entry of this
2    Protective Order, no Party waives any right it otherwise would have to object to
3    disclosing or producing in discovery any information or item on any ground. To
4    this end, nothing in this Protective Order affects a Party's right to, among other
5    things, withhold documents based on privilege or other legally justifiable grounds.
6    Similarly, nothing in this Protective Order affects a Party's right to object to the
7    admissibility in evidence of any material covered by this Protective Order.

8    **IT IS SO STIPULATED.**

9

10   Dated:  November 13, 2012          Stuart W. Price
                                         Brendon K. Barton
11                                       David J. Joerger
                                         **BRYAN CAVE LLP**
12

13                                       By: _____

14
                                         Attorneys for Defendants
15                                       CENTEX HOMES; CENTEX REAL ESTATE
                                         CORPORATION; CENTEX REAL ESTATE
16                                       HOLDING, L.P.; and NOMAS CORP.

17

18   Dated:  November 13, 2012          Shawn D. Morris
                                         Valerie S. Silverman
19                                       **MORRIS SULLIVAN & LEMKUL LLP**

20

21                                       By: _____
                                              Valerie S. Silverman
22                                       Attorneys for Plaintiff
                                         LEGACY VILLAS AT LA QUINTA
23                                       HOMEOWNERS ASSOCIATION

24   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

25

26   Dated:  11/27/12

27

28                                       United States Magistrate Judge

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Protective

Order that was issued by the United States District Court for the Central District of

California on the date cited on the first page of the Protective Order in the case of

*Legacy Villas at La Quinta Homeowners Association v. Centex Homes, et al.,*

United States District Court for the Central District of California, EDCV 11 00845

VAP (OPx). I agree to comply with and to be bound by all the terms of this

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Protective Order to any person or entity except in strict compliance with the

provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action.

I declare under penalty of perjury under the laws of the United States and the

State of California that the foregoing is true and correct, and that this

acknowledgement was executed the ___ day of _____ [month] at

_____ [city], _____ [state].


Printed name: _____


Signature: _____

STIPULATED PROTECTIVE ORDER

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

**PROOF OF SERVICE**
**CCP 1013A(3) REVISED 5/1/88**
**USDC CASE NO.: EDCV 11-00845 VAP (OPX)**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414.

On ***November 26, 2012***, I served the foregoing document(s) described as:

**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Shawn D. Morris, Esq. | Attorneys for Plaintiff LEGACY VILLAS AT |
| Valerie Silverman, Esq. | LA QUINTA HOA |
| MORRIS, SULLIVAN & LEMKUL LLP | Phone: (858) 566-7600 |
| 9915 Mira Mesa Blvd., Suite 300 | Fax:     (858) 566-6602 |
| San Diego, CA 92131 | Email: morris@morrissullivanlaw.com |
| | |
| Jeffrey M. Yoss, Esq. | Attorneys for Plaintiff LEGACY VILLAS AT |
| The Law Office of Jeff Yoss | LA QUINTA HOA |
| 2825 E. Tahquitz Canyon Way, Suite D-1 | Phone: (760) 322-6690 |
| Palm Springs, CA  92262-6908 | Fax::    (760) 320-4159 |
| | Email: jyoss@yosslaw.com |

[X] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on ***November 26, 2012***, at Irvine, California.

Apameh Vaziri
**Apameh Vaziri**

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414